**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

**CLARA Y. TAYLOR**

     **Plaintiff,**    **Case No. 3:08-cv-114**

**vs.**           **Judge Thomas M. Rose**

**MICHAEL J. ASTRUE,**    **Magistrate Judge Michael R. Merz**
**Commissioner of Social Security,**

     **Defendant**.

_____

**ENTRY AND ORDER OVERRULING TAYLOR'S OBJECTIONS TO**
**THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS**
**(Doc. #13); ADOPTING THE MAGISTRATE JUDGE'S REPORT AND**
**RECOMMENDATIONS (Doc. #12) IN ITS ENTIRETY; AFFIRMING THE**
**COMMISSIONER'S DECISION THAT TAYLOR IS NOT DISABLED;**
**AND TERMINATING THIS CASE**

_____

  Plaintiff Clara Y. Taylor ("Taylor") has brought this action pursuant to 42 U.S.C. §

405(g) for judicial review of the final decision of the Defendant Commissioner of Social

Security (the "Commissioner") denying her application for Social Security benefits. On March

17, 2009, United States Magistrate Judge Michael R. Merz filed a Report and Recommendations

(doc. #12) recommending that the Commissioner's decision that Taylor was not disabled and,

therefore, not entitled to benefits under the Social Security Act be affirmed. Taylor subsequently

filed Objections. (Doc. #13) The time has run and the Commissioner has not responded.

  Based upon the reasoning and citations of authority set forth in the Magistrate Judge's

Report and Recommendations (doc. #12) and Taylor's Objections (doc. #13), as well as upon a

thorough de novo review of this Court's file, including the Administrative Transcript, and a

thorough review of the applicable law, this Court adopts the aforesaid Report and Recommendations in its entirety and, in so doing, orders the entry of judgment in favor of the Commissioner, concluding that all of the factual issues have been resolved and that the record adequately establishes that Taylor is not entitled to benefits. Further, Taylor's Objections to the Magistrate Judge's Report and Recommendations are overruled.

In reviewing the Commissioner's decision, the Magistrate's task is to determine if that decision is supported by "substantial evidence." 42 U.S.C. § 405(g). Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a de novo review of those recommendations of the report to which objection is made. This de novo review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate Judge, to determine whether the findings of the Commissioner are supported by "substantial evidence." *Lashley v. Secretary of Health and Human Services*, 708 F.2d 1048, 1053 (6th Cir.1983); *Gibson v. Secretary of Health, Education and Welfare*, 678 F.2d 653, 654 (6th Cir. 1982).

This Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citing *Consolidated Edison Company v. NLRB*, 305 U.S. 197, 229 (1938)); *Landsaw v. Secretary of Health and Human Services*, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson*, *supra*, at 401; *Ellis v. Schweicker*, 739 F.2d 245, 248 (6thCir. 1984). Substantial

evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the Commissioner if this case were being tried to a jury. *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988); *NLRB v. Columbian Enameling and Stamping Company*, 306 U.S. 292, 300 (1939).

To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established... [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." *LeMaster v. Secretary of Health and Human Services*, 802 F.2d 839, 840 (6th Cir.1986)(quoting *NLRB v. Columbian Enameling and Stamping Company*, *supra*).

In determining whether the Commissioner's findings are supported by substantial evidence, the Court must consider the record as a whole. *Hepner v. Mathews*, 574 F.2d 359 (6th Cir. 1978); *Ellis, supra; Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 536 (6th Cir. 1981); *Houston v. Secretary of Health and Human Services*, 736 F.2d 365 (6th Cir. 1984); *Garner v. Heckler*, 745F.2d 383 (6th Cir. 1984). However, the Court may not try the case de novo, resolve conflicts in evidence or decide questions of credibility. *Garner*, *supra*. If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the Court as a trier of fact would have arrived at a different conclusion. *Elkins v. Secretary of Health and Human Services*, 658 F.2d 437, 439 (6th Cir.1981).

The issue upon review of the decision of the Administrative Law Judge is not whether there exists substantial evidence of disability. The issue is whether the record contains substantial evidence to support the Commissioner's finding of non-disability. In this matter, the finding of non-disability is so supported.

WHEREFORE, based upon the aforesaid, Taylor's Objections to the Magistrate Judge's Report and Recommendations (doc. #13) are OVERRULED, and this Court ADOPTS the Report and Recommendations of the United States Magistrate Judge (doc. #12) in its entirety. The Commissioner's decision that Taylor is not disabled is AFFIRMED.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

**DONE** and **ORDERED** in Dayton, Ohio, this Thirtieth day of April, 2009.

.                                        **s/Thomas M. Rose**
                                         _____
                                         JUDGE THOMAS M. ROSE
                                         UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record